UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONTROLLED BLASTING, INC.                                                            PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:09-CV-881-S

TEAM CONTRACTING, LLC and
GREAT AMERICAN INSURANCE CO.                                              DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on a motion for partial summary judgment by defendants Team Contracting, LLC ("Team") and the Great American Insurance Company (DN 21). For the reasons set forth herein, Team's motion will be **GRANTED**.

## BACKGROUND

In 2008, Team entered into a contract with plaintiff Controlled Blasting, Inc. ("CBI") to do blasting work for a project located at the University of Louisville's Shelby Campus. CBI performed some blasting at the project site. CBI performed some blasting work and submitted some invoices to Team, which were paid. After CBI left the site, however, Team concluded that it was dissatisfied with the work CBI had done and used its own personnel and HTA, another subcontractor, to do additional blasting.

Because Team concluded that CBI had not performed the work it was hired to do, Team refused to pay CBI approximately $99,000 that was due on the contract between the parties. In 2009, CBI sued Team for breach of contract in Jefferson County, Kentucky Circuit Court. Team removed the action to this court on diversity grounds, and then filed a counterclaim against CBI,

claiming breach of contract and fraudulent misrepresentation. Team now moves for summary judgment on CBI's breach of contract claim.

## ANALYSIS

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact arises when there is "sufficient evidence on which the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The evidence presented must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985). To survive summary judgment, a non-moving party must "go beyond the pleadings" and prove "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In Kentucky, "a party who commits the first breach of contract is deprived of the right to complain of a subsequent breach by the other party." *West Ky. Coal Co. v. Nourse*, 320 S.W.2d 311, 315. Team claims that CBI, by allegedly failing to properly complete the blasting work it had been hired to do, committed the initial breach of contract. Thus, Team argues, CBI cannot complain about Team's failure to pay.

In support of its motion, Team submits the report and affidavit of Coleman England, who was retained by Team as an expert witness. England reviewed CBI's blasting records, the contract between Team and CBI, and copies of correspondence related to the blasting. He also met with Team's president, visited the project site, and spoke with HTA. England concluded that HTA was hired in May 2009 to finish the drilling and blasting job after CBI left the project site.

England Report (DN 21-3) at unnumbered page 5. England also concluded that some areas of CBI's drilling and blasting had left "hard bottoms or high rock" that required further drilling, blasting, or other work to excavate them to the desired depth, and that some of a retention basin was "not shot." *Id.* England noted that there was conflicting evidence as to why these areas were not shot, including possible problems with communication between Team and CBI. *Id.*

CBI offers no specific facts to refute England's findings. It asserts that "[t]here is no dispute that the Plaintiff worked on the job and did blasting." DN 24 at 3.[1] It also submits an unsigned affidavit from Lawrence Gilmore, CBI's president, in which Gilmore states, "the Plaintiff completed its performance under the contract in November 2008 but was later notified that there was additional work to be done and returned to the job in January 2009 and performed the services requested." Gilmore Aff. (DN 24-2) ¶ 2. These statements are not "specific facts showing that there is a genuine issue for trial." *See Celotex, supra.* Rather, they merely restate, without support, a contention that CBI has rested on since the inception of this case: that it performed its duties under the contract.[2]

---

[1]This statement, for what it is worth, is true. There is no dispute that CBI performed blasting work at the Shelby Campus site. The question in this case, however, is not whether CBI did *some* blasting, but whether it did *all* of the blasting it was obligated to do under the contract.

[2]CBI also lodges a number of objections to England's findings, but none are supported by facts. CBI also objects to England's findings because some are based on what CBI considers "inadmissible hearsay." DN 24 at 5. However, FED. R. EVID. 703 allows experts to base their opinions on "facts or data . . . perceived by or made known to the expert at or before the hearing." These facts or data need not be admissible in evidence if they are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." *Id.* As noted above, England based his opinions on blasting records, interviews with Team's president and HTA, his visit to the project site, and copies of correspondence. While some of this material might constitute hearsay, CBI does not claim or offer any proof that the material is not of a type reasonably relied upon by experts in the blasting field in forming opinions or inferences. We therefore reject CBI's objections.

Through England's report, Team has provided evidence that CBI did not fulfill its contractual obligations. According to England, there was additional work that needed to be done after CBI left the project, and that some of CBI's work needed correcting. Although England notes that there may have been a failure in communication that led to some of CBI's failures, CBI does not point to any fact that would explain why it did not blast certain areas or why Team apparently had to hire another contractor to finish the job it hired CBI to do. CBI has offered nothing to contradict England's findings, and the discovery deadlines in this case have long since passed.[3] Partial summary judgment for Team on CBI's claims is appropriate.

A separate order will issue in accordance with this opinion.

---

[3] In its response brief, CBI points out several facts it claims are still disputed. All of these facts, however, pertain to Team's counterclaims against CBI, which are not addressed by Team's motion.